UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FELIPE ROAMN HOLGUIN,

Plaintiff,

v.

BELL, DIAZ, and RAMOS,

Defendants.

No. 1:19-cv-000757-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(Doc. No. 41)

Pending before the Court is Plaintiff's motion to appoint counsel filed December 2, 2021. (Doc. No. 41). Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C § 1983 complaint. (Doc Nos. 1, 10). The complaint alleges a conditions-of-confinement claim for a week-long stay in a cell covered in feces and sewer water, without a working toilet.[1] (*See generally* Doc. No. 12). Plaintiff seeks appointment of counsel on the basis that he is indigent; his imprisonment impedes his ability to litigate this case; a trial would involve conflicting testimony and counsel would be better at introducing evidence and cross-examining witnesses; and his attempts to retain counsel thus far have failed. (Doc. No. 41 at 1). Plaintiff also identifies the name of counsel he would like appointed. (*Id.*).

[1] Defendants' exhaustion-based motion for summary judgment is pending and ripe for review. *See* (Doc. Nos. 29, 32, 33, 34, 35).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). At the outset, the Court cannot compel an attorney to accept a case in a *pro bono* basis. The issues Plaintiff presents to justify appointment of counsel are similar obstacles all prisoner plaintiffs pursuing § 1983 claims face. Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Nor is plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." (*Id*). Further, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993). Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings. As noted,

Defendants' exhaustion-based motion for summary judgment remains pending and ripe. If this case progresses past summary judgment stage and plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 41) is DENIED.

Dated: December 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE