**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>            Plaintiff,<br><br>     v.<br><br>BELL, et al.,<br><br>            Defendants. | Case No.: 1:19-cv-0757 JLT HBK (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 29, 45) |

Felipe Roman Holguin is a state prisoner and seeks to hold correctional officers at Corcoran State Prison liable for violating his civil rights. Plaintiff asserts a toilet malfunction, and the resulting condition of his cell, violated his rights under the Eighth Amendment. (*See generally* Doc. 1.) The matter was referred to the assigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2020, the defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Doc. 29.) The assigned magistrate judge found the CDCR had an administrative grievance process available to Plaintiff, but Plaintiff failed to exhaust his claims through the administrative process prior to filing suit. (Doc. 45 at 8-12.) In addition, the magistrate judge determined there were no "special circumstances" justifying the failure to exhaust, and Plaintiff failed to create a dispute of fact that his failure to exhaust was excused. (*Id.* at 12-20.) Therefore, the magistrate judge recommended the

1

motion for summary judgment be granted on December 10, 2021. (Doc. 45.)

The Findings and Recommendations served on Plaintiff contained notice that any objections were due within 14 days.  (Doc. 45 at 21.)  Plaintiff timely filed objections on December 27, 2021. (Doc. 46.)  Plaintiff asserts that he submitted several 602 complaints regarding the toilet and condition of his cell, and believes the Court overlooked the first dated August 1, 2018.  (*Id.* at 1-3.)  However, the magistrate judge noted the complaint in this action concerned a toilet incident that began on August 31, 2018—which Plaintiff does not dispute—and as a result, the first 602 complaint identified by Plaintiff predated the underlying incident.  (*See* Doc. 1 at 3; Doc. 45 at 9-10.)  Plaintiff's objections do not undermine the ultimate finding that he "failed to exhaust his remedies as to the August 31, 2018 toilet malfunction."  (*See* Doc. 45 at 20.)

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 10, 2021 (Doc. 45) are **ADOPTED** in full;
2. Defendants' motion for summary judgment (Doc. 29) is GRANTED;
3. The action is **DISMISSED** without prejudice; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 13, 2022**

UNITED STATES DISTRICT JUDGE